Segunda Serrano Vda. de Pérez, demandante y apelante *v.* Francisco Brignoni, demandado y apelado.

No. 5845.—*Sometido:* Junio 23, 1932. *Resuelto:* Mayo 10, 1933.

*Campos & Romero,* abogados de la apelante; *O. M. Wood,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Segunda Serrano, una viuda, incoó el presente litigio ante una corte municipal contra Francisco Brignoni para recobrar el saldo adeudádole a cuenta de unas mercaderías. La contestación fué una negación general. La demandante obtuvo sentencia en la corte municipal, mas la corte de distrito, después de un juicio *de novo,* declaró sin lugar la demanda.

Según la prueba de la demandante, Brignoni y su esposa ostensible, Ana Mendoza, abrieron una cuenta en 1925 ó 1926 con el dueño de un pequeño colmado. Segunda Serrano era en aquella época la esposa del pulpero. En ocasiones ella ayudaba a los dependientes a despachar a los parroquianos. A la muerte del pulpero, la viuda se convirtió en dueña del negocio, que parece haberse continuado por algún timpo después, principalmente por los dependientes. Uno de éstos llevaba los libros. El juez de distrito dió algún énfasis al hecho de que la cuenta originalmente se había llevado a nombre de Ana Mendoza y de que un duplicado a nombre de Brignoni tenía trazas de haber sido hecho recientemente. La declaración del dependiente respecto a estas dos cuentas dejó poco lugar a dudas de que la cuenta se había abierto y llevado hasta la fecha en que se efectuó el último asiento a nombre de Ana Mendoza y que el duplicado a nombre de Brignoni fué algo que se les ocurrió posteriormente. De ello no se desprende que por tal motivo Brignoni quedara relevado de toda responsabilidad.

La prueba de la defensa tendió a demostrar que Brignoni no era el esposo de Ana Mendoza, aunque había vivido con ella en abierto concubinato por muchos años y era padre de los diez hijos de ella. El juez de distrito resolvió que si bien

Brignoni era responsable moralmente, no lo era legalmente, de las provisiones vendidas de buena fe a su esposa putativa, toda vez que a falta de la celebración del matrimonio no existía sociedad de gananciales.

Aparte de cualquier cuestión de sociedad de gananciales, un hombre que cohabita con una mujer y la hace pasar ante la comunidad como su esposa, es responsable de los alimentos suministrados a ella de buena fe por los comerciantes, especialmente si él, por inferencia o en alguna otra forma, ha autorizado que se le conceda crédito a ella o ha ratificado en alguna forma tal extensión de crédito. En acción en cobro de la suma adeudada por concepto de .alimentos así vendidos y entregados, él está impedido de negar que la mujer es su esposa. Si Brignoni autorizó o no expresamente que se abriera la cuenta, no es un punto decisivo. Se trataba de una cuenta que se extendió por un número de años. Brignoni debió haber tenido conocimiento de su existencia debido a las relaciones que hubo de tener con el suministro de alimentos para él y su esposa y familia de facto. No se debe permitir que él eluda responsabilidad por alimentos suministrados bajo las circunstancias del presente caso, escudándose tras el hecho de que él y su concubina nunca se habían casado legalmente. Véanse Schouler, ''Marriage, Divorce, Separation and Domestic Relations,'' Tomo I, pág. 111; 30 C. J. 594, sec. 128, *Redferns Limited* v. *Inwood et al.*, Ann. Cas. 1913 D. 1061, y nota.

*La sentencia apelada debe ser revocada y en su lugar esta corte dictará sentencia en favor de la demandante.*